```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FREDERICK JONES EL,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, THE DELAWARE PORT AUTHORITY POLICE DEPARTMENT, MAGISTRATE ROBERT ZANE, PATROLMAN KEVIN MCCLINTOCK, CITY OF CAMDEN MUNICIPAL COURT, SHARON D. EGGLESTON, THE DELAWARE RIVER PORT AUTHORITY CORPORATION,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>16-1287 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, Frederick Jones El, (hereinafter, "Municipal Court Defendant" or "Mr. Jones El"), has removed this matter from Camden Municipal Court where he is charged with four violations of criminal law. After removal, he has attempted to add claims against those involved in his arrest, prosecution and trial in the Municipal Court. He generally alleges that the State of New Jersey, the City of Camden Municipal Court, Magistrate Judge Robert Zane, Sharon D. Eggleston, Officer Kevin McClintock (hereinafter, "Patrolman McClintock"), the Delaware River Port Authority Corporation, and the Delaware Port Authority Police Department (collectively, "Defendants"), violated his Fourth and Fifth Amendment rights, 18 U.S.C. §§ 241-42, 42 U.S.C. § 1983 and §§ 1985-86 through an incident at

the Walter Rand Transportation Center (hereinafter, "Broadway Station") in Camden, New Jersey on February 16, 2016. [Docket Item 1 at 2.]  Mr. Jones El also attempts to bring claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and excessive force. (Second Am. Compl. at 8-10.)  Because Mr. Jones El brings this action <u>in forma pauperis</u>, the Court has an obligation to screen the complaints under 28 U.S.C. § 1915(e)(2).[1]  Mr. Jones El was granted leave to file his removal petition without prepayment of fees by separate Order entered today. [Docket Item 8.]

    For the reasons that follow, Mr. Jones El's claims against all Defendants will be dismissed without prejudice for lack of removal jurisdiction under 28 U.S.C. §§ 1442-43.  The Court finds as follows:

    1.    **<u>Factual and Procedural Background</u>**.[2]  In his Initial and two Amended Complaints,[3] Plaintiff generally alleges that, on

---

[1] This Court granted Plaintiff's application to proceed <u>in forma pauperis</u> in an order signed on August 31, 2016  [<u>See</u> Docket Item 3.]

[2] For purposes of the pending motion, the Court accepts as true the version of events set forth in Plaintiff's Complaint, and construes Plaintiff's pleading, as it must, liberally. <u>See</u> <u>Higgs v. Att'y Gen.</u>, 655 F.3d 333, 339 (3d Cir. 2011) (describing the liberal construction required of <u>pro se</u> submissions); <u>Capogrosso v. Sup. Ct. of N.J.</u>, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (same).

[3] Given Plaintiff's <u>pro se</u> status and the liberality embodied in Federal Rule of Civil Procedure 15, the Court will also review Plaintiff's Second Amended Complaint even though it was filed without leave of Court. Additionally, in two separate letters to the Court, Plaintiff asks whether his two amended complaints can be "severed and given different cause [sic] numbers" than his

2

February 6, 2016, around 10:30 pm, he left the Rutgers University, Camden campus and entered Broadway Station to wait for someone to pick him up. (Compl. at ¶ 4.)  This type of activity was "routine and customary" for him to do at that hour. (Id.)  As Plaintiff walked through the station, Patrolman McClintock, in a "very aggressive, hostile manner" told him that the station "was off limits" and that Plaintiff "had to go out." (Id.)  Plaintiff, who was "very calm, joyful, and pleasant" in his demeanor, told Patrolman McClintock that he would comply with the order, but asked why the Patrolman was "so aggressive and angry" in delivering that information. (Id. at ¶¶ 5-6.) Patrolman McClintock replied that if Plaintiff was not "out the door by the time the [incoming] ambulance arrives," he would take Plaintiff to jail. (Id.)  The ambulance then arrived while Plaintiff was still at the station, and Patrolman McClintock and an unidentified Delaware River Port Authority Police Patrolman immediately "grabbed and assaulted" Plaintiff in the "form of a choke" (Id.; Second Am. Compl. at ¶ 9.)  Plaintiff's "head and face was forcefully slammed to the concrete" after he was already subdued by the officers. (Second Am. Compl. at ¶ 8.)  As

---

original complaint. [See Docket Items 7, 8]. Plaintiff's request is denied because in his letters, he indicated the same docket number (16-1287) and the amended complaints were duly filed upon this docket.  In any event, where a criminal case is removed to federal court, it cannot be transformed into a civil rights case in which the municipal court defendant becomes a federal plaintiff, for reasons discussed herein.

a result of this altercation, Plaintiff was diagnosed with an orbital contusion over his right eye and abrasions to the left side of his face, which caused him to be hospitalized for the remainder of that evening. (Compl. at ¶ 4.)

2. After his release from the hospital, Plaintiff was charged with violating four New Jersey laws: (1) Obstruction of Administration of Law or Other Government Function, N.J.S.A. 2C:29-1, (2) Disorderly Conduct, N.J.S.A. 2C:33-2A, (3) Unlicensed Entry of Structures/Defiant Trespasser, N.J.S.A. 2C:18-3(B), and (4) Resisting Arrest/Eluding Officer, N.J.S.A. 2C:29-2. (Second Am. Compl. at ¶¶ 14-16.) The State filed the action in Camden Municipal Court. (Compl. at 1.)  In response to these charges, on March 2, 2016, Mr. Jones El filed a Notice of Removal to federal court under 28 U.S.C. ¶¶ 1441 and 1446(c)(1). (Compl. at 1, 4.)  This case is therefore upon this docket not as an original pleading but as a matter removed from the Camden Municipal Court.

3. **Standard of Review**.  28 U.S.C. § 1915(e)(2)(B) requires the Court to review Mr. Jones El's purported Complaint and dismiss sua sponte any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Further, the Court shall dismiss a complaint at any time that it determines that subject matter jurisdiction is lacking, pursuant to Rule 12(h)(3), Fed. R. Civ. P.  In this

case, the Court finds Plaintiff's Amended Complaint subject to dismissal because of the lack of removal jurisdiction under 28 U.S.C. §§ 1442-43.[4]

4. **Lack of Removal Jurisdiction**. The Court reasons that all of Plaintiff's claims must be dismissed without prejudice for lack of removal jurisdiction.[5] The substantive grounds for removal of a state criminal prosecution are set out in 28 U.S.C. §§ 1442-43. Here, even liberally construing Mr. Jones El's Notice of Removal, as this Court must, he makes no such allegations permitting removal under § 1442 or § 1443. Mr. Jones El faces municipal court charges that he wishes to have tried in federal court, but his case does not meet any of the requirements of either statute. Section 1442 allows for the removal of criminal prosecutions against federal officers or agencies, only when:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

---

[4] Because the Court dismisses the case for lack of removal jurisdiction, it does not reach an analysis of Plaintiff's Complaint regarding his ability to state a claim upon which relief may be granted, as required by Federal Rules of Civil Procedure 8(a) and 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B).

[5] In addition to lacking a jurisdictional basis, Mr. Jones El failed to comply with procedural requirements for removal, see 28 U.S.C. § 1446, such as filing notice of his removal with the Clerk of the Municipal Court.

>   (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
>   (3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;
>
>   (4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442. Nowhere in his Complaint does Mr. Jones El allege that he is an officer of the federal government or of any agency, court, or other body associated with the United States government, let alone that his state criminal action is related to the discharge of official duties. Therefore, he cannot remove his state criminal action to federal court on the basis of § 1442.

    5.    Additionally, Section 1443 allows for removal in two situations, the first of which authorizes the removal of a state law civil or criminal action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United State, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). In order to meet the requirements of this section, the removing party must "(a) allege a denial of his rights on account of race; and (b) detail the facts showing that he cannot enforce his federal rights in state court." Mahan v. New Jersey, No. 14-5038, 2014 WL 4054029, at *1 (D.N.J. Aug. 15, 2014) (citing Del. v. Helfley, 403 F.

App'x 677, 678 (3d Cir. 2010). Furthermore, "[t]he allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under § 1443(1)." Pennsylvania v. Brown-Bey, 637 F. App'x 686, 688 (3d Cir. 2016).

6. 28 U.S.C. § 1443(2) permits removal "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This subsection "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Commonwealth of Pennsylvania v. Randolph, 464 F. App'x 46, 47 (3d Cir. 2012) (quoting City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966)).

7. Again, even construing Mr. Jones El's complaint liberally, as we must, he does not meet the requirements of § 1443(1) or § 1443(2) removal. He does not allege that his municipal court litigation involves issues of racial equality nor that there is any reason that the municipal court cannot afford him the full protections of the law. Therefore, he cannot proceed under § 1443(1). Mr. Jones El has also failed to allege any facts that would allow him to proceed under § 1443(2), as that section is only applicable to federal officers

or agents or those authorized to act for or with them. Id. Because Williams has presented no valid grounds for removal, summary remand is appropriate pursuant to 28 U.S.C. § 1455(4). Therefore, the municipal court case must be remanded to the Camden Municipal Court from which it was improperly removed.

8. **Further Action**. If Plaintiff wishes to file a civil case in federal court arising from his arrest, he is free to submit an appropriate new complaint and petition to proceed in forma pauperis complying with the Federal Rules of Civil Procedure. Any such new complaint must be filed upon a separate docket, as the present docket is closed and the case is remanded. Should he do so, he must be aware of the various immunity doctrines – prosecutorial, sovereign and judicial – that would prohibit a suit in federal court against the State of New Jersey, the City of Camden Municipal Court, Prosecutor Eggleston, or any Judge assigned to Plaintiff's case. See LeBlanc v. Stedman, 483 F. App'x 666, 669 (3d Cir. 2012) (explaining that prosecutors are immune from suit under § 1983 when acting within the scope of their duties and pursuing a criminal prosecution); MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001) (noting that the Eleventh Amendment generally prohibits a federal court from hearing a suit brought by private parties against a state); Ingram v. Township of Deptford, 858 F. Supp. 2d 386, 390 (D.N.J. 2012)("As a general rule, judges acting in their judicial capacity are absolutely

8

immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity."); Hernandez v. Switzer, No. 09-2758, 2009 WL 4730182 at *3 (D.N.J. Dec. 4, 2009)("As part of the judicial branch of the State of New Jersey, a New Jersey Municipal Court is entitled to sovereign immunity.").

    9.    The accompanying Order will be entered.

 **August 31, 2016**                  **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                  Chief U.S. District Judge